UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  09-60734-CIV-COHN/SELTZER

CARMEN LOPEZ, DAWN SERRA
And other similarly-situated individuals,

    Plaintiff,

v.

YVETTE PEREYRA ANS, MD PA., a Florida
Corporation, YVETTE PEREYRA ANS, an individual,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR RULE 11 and 28 U.S. C. § 1927 SANCTIONS
AGAINST PLAINTIFFS AND PLAINTIFFS' ATTORNEY,
AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rule 11 of the Florida Rules of Civil Procedure ("Rule 11"), and 28 U.S.C. § 1927, the defendants, Yvette Pereyra Ans, MD PA, and Yvette Pereyra Ans ("Defendants"), move for an order dismissing this case and sanctioning the plaintiffs, Carmen Lopez and Dawn Serra ("Plaintiffs"), and Plaintiffs' attorneys, Michael Halberg, Esquire, for filing and pursuing a frivolous lawsuit against Defendants.  In further support of their motion, Defendants state as follows:

    I.    **FACTUAL BACKGROUND**

Dr. Yvette Pereyra Ans is the owner of Yvette Pereyra Ans, MD PA, a small medical practice located in Hollywood, Florida.  Defendants employed Lopez as a medical assistant and Serra as a receptionist from 2006 through early 2009.  During this time period, the gross revenue of the medical practice was below $500,000 per year.  (See Dr. Ans Declaration, attached as Exhibit 1).

On April 16, 2009, Lopez filed a complaint in the Seventeenth Judicial Circuit in and for Broward County against Defendants, alleging that she is entitled to overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").  Defendants removed the lawsuit to the United States District Court for the Southern District of Florida on May 14, 2009.

In late May, counsel for Defendants spoke with counsel for Plaintiffs regarding potential early resolution, and verbally informed counsel that it appeared the medical practice did not meet the minimum threshold required under the FLSA for an enterprise engaged in commerce. Furthermore, prior to the July 17 mediation conference, Defendants voluntarily provided Plaintiffs with responses to extensive requests for admission, interrogatories, and requests for production, including the tax records for the business demonstrating that Defendants did not have at least $500,00 in gross revenue in any year from 2006-2008.  Accordingly, Plaintiffs were on notice by mid-July that Defendants are not an enterprise engaged in commerce, as substantiated by their tax records.

Following the unsuccessful mediation conference, Plaintiffs filed a Notice of Removal of the Amended Complaint that had been filed in state court.  The Amended Complaint included an additional plaintiff, Serra, and added claims for retaliatory constructive discharge against both Defendants because Defendants did not increase Plaintiffs' pay following alleged complaints of FLSA violations.

Despite the fact that the Plaintiffs were provided with substantial documentation, including tax returns filed under penalty of perjury with the Untied States Internal Revenue Service, reflecting that the Medical Office did not have at least $500,000 in gross revenues from 2006-2008, in or around August 24, 2009, the Plaintiffs served subpoenas *duces tecum* for

2

deposition of the records custodians of Wachovia Bank, N.A. ("Wachovia") and Levi, Cahlin & Co. ("Levi") seeking an extremely extensive compilation of Defendants' financial history, among other things. Defendants filed a Motion to Quash/for Protective Order on September 15, which is currently pending before this Court. Defendants served a draft of this Motion on Plaintiffs on September 18, 2009, and have filed a contemporaneous Motion for Summary Judgment.

## II.  MEMORANDUM OF LAW

### A.  The Court Should Impose Rule 11 Sanctions Against Plaintiffs and Their Counsel for Filing and Pursuing a Frivolous Lawsuit.

The goal of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)). Fed.R.Civ.P. 11(b) states:

> "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . ."

Rule 11(b) imposes a duty upon attorneys and parties to refrain from filing or pursuing frivolous claims. *Ruszala v. Walt Disney World Co.*, 132 F.Supp.2d 1347, 1351 (M.D. Fla. 2000). Rule 11 sanctions are proper: (1) when the party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change

3

existing law; or (3) when the party files a pleading in bad faith for an improper purpose. *Massengale*, 267 F.3d at 1301; *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Courts require a two step inquiry as to: (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous; that is whether he would have been aware had he made a reasonable inquiry. *Id.*; *Norelus v. Denny's Inc.*, 2000 WL 33541630 (S.D. Fla. Mar. 21, 2000). Although sanctions are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law, they are warranted when the claimant exhibits a "deliberate indifference to obvious facts." *Id.*

Furthermore, as explained in *Worldwide Primates*, "[i]f the attorney failed to make a reasonable inquiry, then the court <u>must</u> impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts, or whether he depended on forwarding counsel or another member of the bar." 87 F.3d at 1254 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also T. Byrne v. Nezhat, M.D.*, 261 F.3d 1075, 1106-07 (11th Cir. 2001); *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1420 (11th Cir. 1996) (holding Rule 11 sanctions proper where attorney failed to conduct proper factual investigation during discovery).

4

Additionally, as amended in December 1993, Rule 11 makes clear the continuing nature of a litigant's and a litigant's attorney's responsibility. Pursuant to the 1993 amendment:

> [Rule 11] also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . .
>
> [A] litigant's obligations with respect to the contents of these papers are not measured solely of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.

*Ruszala*, 132 F. Supp.2d at 1352. Hence, Rule 11 sanctions are appropriate when a party pursues a claim after it is no longer tenable in fact or law. *Id*.

In this case, it is clear that Plaintiffs' claims are objectively frivolous and that Plaintiffs' counsel has been aware that the claims are frivolous given the exchange of discovery. Specifically, Defendants provided Plaintiffs' counsel with proof that Defendants' do not meet the $500,000 annual gross revenue threshold for an employer "engaged in commerce" under the FLSA.

Even if the Court finds that Plaintiffs' counsel conducted a reasonable inquiry, and that the lack of any factual and legal basis was not apparent to Plaintiffs' counsel until the mediation, Plaintiffs and their counsel had a continuing obligation under Rule 11 to not advocate positions that ceased to have any merit. *Ruszala*, 132 F. Supp.2d at 1352. As such, Plaintiffs' Notice of Removal of the Amended Complaint filed on July 21, 2009 was improper. As of that date, Plaintiffs and their counsel had an affirmative obligation to dismiss this lawsuit. *Id*.

Because Plaintiffs and their counsel have refused to dismiss this frivolous lawsuit after being given notice that the allegations in the Amended Complaint have no factual or legal basis, Rule 11 sanctions should be assessed against Plaintiffs and their counsel.

5

> **B.** **The Court Should also Impose Sanctions Against Plaintiffs' Counsel Under 28 U.S.C. § 1927 for Filing a Frivolous Lawsuit and Unreasonably and Vexatiously Multiplying the Proceedings in this Case.**

28 U.S.C. § 1927 governs counsel's liability for excessive costs. It provides, in relevant part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927; *see also Ruszala*, 132 F. Supp.2d at 1352; *University Creek Assoc. v. Boston American Financial Group, Inc.*, 101 F. Supp.2d 1370, 1372 (S.D. Fla. 2000).

With the implementation of § 1927, Congress sought to protect defendants from burdensome litigation with insufficient legal or factual basis. *Bruce v. City of Gainesville*, 177 F.3d 949, 950-51 (11th Cir. 1999). In the words of one court of appeals, "[s]uits are easy to file and hard to defend. The best way to control unjustified tactics in litigation is to ensure that those who create costs also bear them. When an attorney recklessly creates needless costs, the other side is entitled to relief." *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). Section 1927 allows district courts to "assess attorney's fees against litigants, counsel and law firms who willfully abuse the judicial process by conduct tantamount to bad faith." *Malautea v. Suzuki Motors Co., Inc.*, 987 F.2d 1536, 1544 (11th Cir. 1993).

The Eleventh Circuit has determined that three elements underpin § 1927 sanctions: "First, the attorney must engage in 'unreasonable and vexatious' conduct. Second, that 'unreasonable and vexatious' conduct must be conduct that multiplies the proceedings. Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the

sanction may not exceed the 'costs, expenses, and attorney's fees reasonably incurred because of such conduct.'" *Norelus v. Denny's Inc.*, 2000 WL 33541630 (S.D. Fla. Mar. 21, 2000) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

The Eleventh Circuit has also found that § 1927 has a bad faith component which requires the party alleged to have committed a sanctionable act to have acted in bad faith for purposes of vexatiously and unreasonably multiplying the proceedings. *Malautea*, 987 F.2d at 1541. A majority of courts that have addressed the bad faith requirement under § 1927 have adopted an objective standard. *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994) (noting that § 1927's "bad faith standard has an objective component, and extremely negligent conduct, like reckless and indifferent conduct, satisfies this standard"); *Cruz v. Savage*, 896 F.2d 626, 631-32 (1st Cir. 1990) (holding that § 1927 does "not require a finding of subjective bad faith as a predicate to the imposition of sanctions . . . behavior is 'vexatious' when it is harassing whether an attorney acted unreasonably and vexatiously in multiplying proceedings, the district courts in this circuit should apply an objective standard."); *O'Rear v. American Family Life Assurance Co. of Columbus, Inc.*, 144 F.R.D. 410, 413 (M.D. Fla. 1992) (determining no subjective bad faith necessary for § 1927 fee award).

Under § 1927, fees may be awarded in cases lacking in credibility from the outset such as when an attorney fails to investigate adequately, or properly, the allegations contained in the complaint. *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). The Eleventh Circuit has stated that, under § 1927, attorneys are not only responsible for investigating the claims in the lawsuit prior to filing, but have the continuing obligation throughout the pendency of the action. *Avirgran v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (stating that "[w]hen it becomes apparent that discoverable evidence will not bear out the claim,

the litigant and his attorney have a duty to discontinue their quest"). If evidence becomes known that is contrary to the asserted claim, or it becomes clear that the claim is baseless, attorneys have an obligation to seek voluntary dismissal. *Collins v. Waiden*, 834 F.2d 961, 965 (11th Cir. 1987). Moreover, when an attorney is on notice that a claim is without merit, but continues to prosecute nonetheless, the attorney acts in bad faith and risks sanctions. *Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 541-42 (5th Cir. Unit A 1981).

In this case, Plaintiffs' counsel's actions required Defendants to defend itself against an action that should have never been filed, or at a minimum dismissed once Defendants provided substantiation that the FLSA did not apply, thereby multiplying the proceedings and causing Defendants to incur unnecessary fees, costs, and expenses. *Collins*, 834 F.2d at 965. By not voluntarily dismissing this lawsuit after being placed on notice that the claims had no evidentiary basis, counsel acted in bad faith and in deliberate indifference to obvious facts. *Baker*, 158 F.3d at 524; *Norelus,* 2000 WL 33541630. Furthermore, Plaintiffs' counsel added an additional Plaintiff and additional claims in the federal court proceeding after being provided with Defendants' tax records. As such, Plaintiffs' counsel's actions multiplied the proceedings by forcing Defendants to continue litigating this case and incurring unnecessary fees, costs, and expenses. *Stovall*, 652 F.2d at 541-42.

Finally, there is a financial nexus between Plaintiffs' counsel's filing of this meritless lawsuit and the financial burden Defendants have incurred as a result. In the event that the Court finds that Plaintiffs' counsel was not aware or should not have been aware that this case had no evidentiary basis at the time it filed the lawsuit, Defendants request that the Court grant its costs, fees, and expenses from July 19, 2009, the date that Plaintiffs were put on notice through Defendants' discovery responses that there was no evidentiary basis for the claims.

8

### III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court assess sanctions against Plaintiffs and their counsel, including but not limited to, the costs, fees, and expenses associated with defending this meritless lawsuit.

Date:  October 21, 2009                             Respectfully submitted,

FISHER & PHILLIPS                         By:     s/David M. Gobeo
450 East Las Olas Blvd.                                   Cathy M. Stutin
Suite 800                                                          (Fla. Bar No. 0865011)
Fort Lauderdale, Florida  33301                  cstutin@laborlawyers.com
Telephone:    (954) 525-4800                       David M. Gobeo
Facsimile:     (954) 525-8739                        (Fla. Bar No. 0016565)
                                                                       dgobeo@laborlawyers.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS AND PLAINTIFFS' ATTORNEY, AND SUPPORTING MEMORANDUM OF LAW** was served by CM/ECF and by depositing same in the United States Mail, First Class, postage prepaid on October 21, 2009 on all counsel or parties of record on the attached service list.

                                                           s/David M. Gobeo

...

**SERVICE LIST**
**CASE NO.:  09-60734-CIV-COHN/SELTZER**

Michael Halberg, Esquire
10800 Biscayne Blvd., Suite 988
Miami, Florida 33161
Telephone: (305) 893-8989
Facsimile:  (305) 891-7717

Jeffrey I. Jacobs, Esquire
Malca and Jacobs, P.A.
5975 Sunset Drive, Suite 801
South Miami, Florida 33143
Telephone: (305) 662-5500
Facsimile:  (305) 666-7512

*Attorney for Plaintiffs*

Cathy M. Stutin, Esquire
cstutin@laborlawyers.com
David M. Gobeo, Esquire
dgobeo@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile:  (954) 525-8739

*Attorneys for Defendants*