UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60734-CIV-COHN/SELTZER

CARMEN LOPEZ, DAWN SERRA,
and others similarly-situated,

       Plaintiffs,

vs.

YVETTE PEREYRA ANS, MD, P.A.,
a Florida Corporation, and
YVETTE PEREYRA ANS,

       Defendants.
_____/

ORDER DENYING MOTION TO QUASH/FOR PROTECTIVE ORDER

THIS CAUSE is before the Court on Defendants' Motion to Quash/for Protective Order Concerning Subpoenas *Duces Tecum* Served on Third Parties, Wachovia Bank, N.A., and Levi, Cahlin & Co. (DE 13) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

Plaintiffs bring this action against Yvette Pereyra Ans, MD PA and Yvette Pereyra Ans (individually)[1] to recover overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* "The FLSA's overtime provisions apply to employees who (1) engage in commerce; (2) engage in the production of goods for commerce; or (3) are employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(1)(a)." Stout v. St. Amour's Lawn Care, LLC, No. 6:07-cv-

---

[1] Yvette Pereyra Ans MD PA is a small medical practice located in Hollywood, Florida; Dr. Yvette Pereyra Ans is the owner of the medical practice. The medical practice employed Plaintiffs Carmen Lopez and Dawn Lopez from 2006 through early 2009.

1882-Orl-19UAM, 2008 WL 816818, at * 2 (M.D. Fla. March 25, 2008). "The employee bears the burden of proving that he [or she] is covered by the FLSA." Id.

Plaintiffs contend that they were employed by an enterprise engaged in commerce. For an employer to be considered a covered enterprise, it must have "annual gross sales made or business done . . . [of] not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . ." 29 U.S.C. 203(s)(1)(A)(ii).[2] "Depending on the circumstances, annual gross revenue is determined by examining either the enterprise's earnings during a fiscal year or its earnings during the twelve months preceding the beginning of a given fiscal quarter (i.e., the rolling quarter analysis)." See 29 C.F.R. § 779.266."[3] Rivera v. Heights Landscaping, Inc., No. 03 C 6428, 2004 WL 434214, at *2 (N.D. Ill. March 5, 2004). As one of its Affirmative Defenses, Defendants have asserted that they "were not an enterprise engaged in business as defined in 29 U.S.C. § 203(s)(1)(A) and, therefore, the FLSA's pay requirements did not apply to Defendants or its employees." Affirmative Defense ¶ 2 (DE 12).

During the discovery period, Plaintiffs served subpoenas *duces tecum* on Wachovia Bank, N.A. and Levi, Cahlin & Co. (Defendants' accountant), seeking production of Defendants' financial records from 2005 . See Subpoenas *Duces Tecum* (DE 13-2 and

---

[2] The employer must also have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(ii).

[3] The parties here disagree as to the proper method for determining "annual gross volume of sales made or business done." Defendants contend that the amount should be determined based on the fiscal year method; Plaintiffs contend that the rolling quarter analysis should be used.

2

13-3). According to Plaintiffs, they seek these documents to determine Defendants' "annual gross volume of sales made or business done" (pursuant to the rolling quarter method) and to challenge the figures on Defendants' tax returns of the medical practice for the years 2006, 2007, and 2008.

Defendants now move to quash these subpoenas or, alternatively, to limit the production of documents to the medical practice's tax returns for the years 2006, 2007, and 2008. According to Defendants, they have provided Plaintiffs with copies of its tax returns demonstrating that the medical practice did not have at least $500,000 in gross revenue for any year from 2006-2008.[4] They argue that because its tax returns are sufficient to establish that enterprise coverage does not exist under the FLSA Plaintiffs should be precluded from conducting any additional discovery with respect to that issue.

In support of their argument, Defendants rely primarily on <u>Cordero v. Red Grouper, Inc.</u>, No. 8:08-cv-127-30MAP, 2008 WL 1781158 (M.D. Fla. April 17, 2008), an FLSA case in which the plaintiff sought recovery of overtime wages. In <u>Red Grouper</u>, the plaintiff moved the court to permit discovery limited to the issue of enterprise coverage. In response, the defendant moved to dismiss the action on the ground that the restaurant defendant did less than $500,000 in business and, therefore, was not an enterprise within the meaning of the FLSA; in support, the defendant submitted its income tax returns. Relying on several cases in which the courts had determined the issue of enterprise

---

[4] As an exhibit to their Reply Memorandum in support of the instant Motion, Defendants have submitted the Declaration of Yvette P. Ans, in which she attests to the following gross revenues of her medical practice: 2006 - $410,554; 2007 - $449,677; and 2008 - $439,607. Ans Declaration (DE 23-1). Attached to the Declaration are copies of the medical practice's tax returns for 2006, 2007, and 2008 (DE 23-1, Ex. A, B, and C).

coverage based on the defendants' tax returns, the Red Grouper court ruled that because the defendant restaurant's income tax returns reflected that it earned less that $500,000 in gross receipts or sales, the plaintiff "need conduct no further discovery to determine the gross volumes of sales or business done by the [defendant restaurant]." Id. at *1-2.

The Red Grouper decision, however, is not binding on this Court, nor does this Court find its reasoning to be persuasive. Based on Red Grouper, a defendant's tax returns would be conclusive evidence of whether that defendant was an enterprise within the meaning of the FLSA. A plaintiff would never have an opportunity to challenge the accuracy of the tax returns or otherwise determine the amount of "annual gross sales made or business done" by the defendant, even though the plaintiff bears the burden of demonstrating the existence of an enterprise. Moreover, the cases cited by the Red Grouper court do not support its decision.

In Stout v. St. Amour's Lawn Care, LLC, No. 6:07-cv-1882-Orl-19UAM, 2008 WL 816818, at * 2 (M.D. Fla. March 25, 2008) (cited by the Red Grouper Court), the defendant had moved for summary judgment, arguing that it was not subject to the overtime provisions of the FLSA because their annual sales did not exceed the $500,000 threshold; in support, it submitted its income taxes. The plaintiff then moved to strike the summary judgment motion as premature or, alternatively, to delay its response to the motion pending discovery. The Stout Court denied the plaintiff's motion to strike the defendant's summary judgment motion because the tax returns it had submitted provided evidentiary support for its argument that it did not have sufficient sales to be subject to the FLSA. Id. at *2. However, the court granted the plaintiff's alternative motion and permitted the plaintiff to

take discovery (including that relating to whether the tax returns were inaccurate) before having to respond to the summary judgment motion. Id. at *2-4.

The Red Grouper Court also relied on two other FLSA cases – Lopez v. Top Chef Investment, Inc., No. 07-21598-Civ, 2007 WL 427646 (S.D. Fla. Nov. 30, 2007) (Moore, J.), and Thompson v. Robinson, No. 6:06-cv-771-Orl-19JGG, 2007 WL 2714091 (M.D. Fla. Sept. 17, 2007). In Lopez, in support of a summary judgment motion, the defendant submitted its tax returns and financial statements reflecting that its gross income was less than the $500,000 FLSA threshold. In opposing the motion, the plaintiff submitted only his own affidavit stating that he had personal knowledge that the defendant earned $547,500 a year. The court, however, did not credit the plaintiff's conclusory statement because he had not explained how he had gained personal knowledge of the defendant restaurant's earnings while working as a cook in the kitchen. In granting summary judgment, the court held that the defendant has demonstrated that enterprise coverage did not apply and that the plaintiff had failed to adequately refute the defendant's showing. 2007 WL 427646, at *3. Similarly, in Thompson, the court granted summary judgment for the defendants because the plaintiff had failed to submit any credible evidence to rebut the defendants documentation (which had including tax returns) that showed they did not meet the FLSA earning requirement. Neither the Lopez nor Thompson decisions addressed whether a plaintiff is entitled to discovery to meet its burden of showing enterprise coverage; rather, these courts found that the plaintiffs had not submitted sufficient evidence to rebut the amount of earnings reflected in the defendants' tax returns. Presumably, they had been afforded the opportunity to develop such evidence through discovery.

Indeed, one court in this district recently denied without prejudice an FLSA defendant's motion for summary judgment and permitted the plaintiff to develop evidence, if any, that the defendant qualified as an enterprise for FLSA purposes. See Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC, No. 08-61240-Civ, 2008 WL 4613059, at *3 (S.D. Fla. Oct. 15, 2008) (Cooke, J.); see also, Heights Landscaping, 2004 WL 434214, at *2 (court permitted FLSA plaintiff to take discovery as to the defendant's annual gross volume of sales, notwithstanding that defendant had submitted financial statements reflecting its earnings).

The Court finds that the financial documents sought by the subpoenas at issue here are relevant to the issue of enterprise coverage. Plaintiffs bear the burden of establishing that Defendants are an enterprise within the meaning of the FLSA. Accordingly, they should be permitted to obtain discovery to develop evidence, if any, to meet that burden. Moreover, subsequent to filing the instant Motion, Defendants filed a motion for summary judgment, arguing that they are not an enterprise; in support, they have submitted tax returns for the years 2006-2008 and a declaration by Defendant Ans attesting to the medical practice's earnings for certain fiscal quarters. Summary judgment may be granted when the evidence, viewed in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact exists. See Fed. R. of Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, the non-party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Plaintiffs, therefore, should be permitted to take discovery of Defendants'

financial matters to demonstrate, if possible, a genuine issue of material fact as to enterprise coverage.

Accordingly, the Court declines to quash the subpoenas at issue or otherwise limit the production of documents. The subpoenas directed to Wachovia Bank and Levi, Cahlin & Co. remain in effect. Plaintiffs shall **forthwith** notify Wachovia Bank and Levi, Cahlin & Co., and Defendants of new date(s) for complying with the subpoenas. Plaintiffs shall also serve a copy of this Order on Wachovia Bank and Levi, Cahlin & Co.

DONE AND ORDERED in Fort Lauderdale, Florida, this 26th day of October 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record