UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60734-CIV-COHN/SELTZER

CARMEN LOPEZ and DAWN SERRA,
and other similarly-situated individuals,

       Plaintiffs,

vs.

YVETTE PEREYRA ANS, M.D., P.A., a Florida
corporation, YVETTE PEREYRA ANS, an
individual,

       Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 AND 28 U.S.C. § 1927 SANCTIONS

**THIS CAUSE** is before the Court on Defendants' Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions [DE 25]. The Court has considered the Motion, Plaintiffs' Response [DE 30], the record in this case and is otherwise advised in the premises.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure where a party demonstrates that an opposing party's claims have no "reasonable factual basis." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

> Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's

>evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.

Id. (citations omitted).  "Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'"  Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*) (quoting Pin v. Texaco, Inc., 793 F.2d 1448, 1455 (5th Cir. 1986)).  Sanctions "may be imposed for the purpose of deterrence, compensation and punishment."  Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  In the Eleventh Circuit, three essential elements must be shown to warrant sanctions pursuant to § 1927: (1) the attorney must engage in "unreasonable and vexatious" conduct, (2) the conduct must "multipl[y] the proceedings," and (3) the amount of the sanction must directly relate to the excess proceedings.  Amlong & Amlong, P.A. v. Denny's Inc., 457 F.3d 1180, 1190 (11th Cir. 2006).  An attorney only "unreasonably and vexatiously" multiplies proceedings "when the attorney's conduct is so egregious that it is tantamount to bad faith."  Id. (quotation marks omitted).

The Court finds that Defendants' Motion fails to meet the steep burden required to impose sanctions under either Rule 11 or § 1927.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Rule 11 and

2

28 U.s.c. § 1927 Sanctions [DE 25] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of February, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF